## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MALCOLM WASHINGTON**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 18-5744**

**STATE OF LOUISIANA**                                    **SECTION "J"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2) (2006)**.[1]

## I.    Factual and Procedural Background

The petitioner, Malcolm Washington ("Washington"), is a convicted inmate incarcerated in the Avoyelles Parish Detention Center in Marksville, Louisiana.[2]   On May 23, 2008, Washington was charged by Bill of Information in Orleans Parish with one count of second felony possession of marijuana and one count of possession of a firearm by a convicted felon.[3]

After a mistrial on January 18, 2012, Washington was tried before a jury on May 22 and 24, 2012, and found guilty as charged on both counts.[4]   On June 25, 2012, the Trial Court sentenced

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 5/23/08.

[4]St. Rec. Vol. 1 of 8, Docket Entry, 5/22/12; Trial Minutes, 5/24/12.

Washington to concurrent terms of 10 years in prison on count one and two years in prison on count two.[5]  Washington later entered pleas of guilty to the State's multiple offender bills and was resentenced on October 25, 2012, to serve concurrent sentences of 12 years in prison as a second felony offender on count two (felon in possession of a firearm) and as a third felony offender on count one (second felony possession of marijuana).[6]

Washington's conviction was final under federal law thirty (30) days later, on Monday, November 26, 2012,[7] because he did not seek reconsideration of the sentence or move for leave to appeal.  La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

More than three years and four months later, on April 13, 2016, Washington signed and submitted to the state trial court two motions to correct his sentence asserting that his multiple offender sentence constituted double jeopardy.[9]  The Trial Court summarily denied the motions on April 19 and May 3, 2016.[10]  The Louisiana Fourth Circuit later ordered the Trial Court to provide

---

[5]St. Rec. Vol. 1 of 2, Sentencing Minutes, 6/25/12.

[6]St. Rec. Vol. 1 of 2, Multiple Bill Hearing Minutes, 10/25/12; Multiple Bill, 10/25/12; Waiver of Rights (1), 10/25/12; Waiver of Rights (2), 10/25/12.

[7]The thirtieth day was Saturday, November 24, 2012.  The deadline therefore fell to the next business day, Monday, November 26, 2012.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

[8]Louisiana law requires a criminal defendant to move for leave to appeal within 30 days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence.  La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[9]St. Rec. Vol. 2 of 2, Motion to Correct Illegal Sentence (1), 4/13/16; Motion to Correct Illegal Sentence (2), 4/13/16.

[10]St. Rec. Vol. 2 of 2, Trial Court Order, 4/19/16; Trial Court Order, 5/3/16.

copies of its rulings to Washington.[11]  The copies were mailed to him on June 21, 2016, and his subsequent request for related mandamus relief was denied as moot.[12]

On October 3, 2016, the Louisiana Fourth Circuit denied Washington's writ application seeking review of the denial of his motions to correct the sentence.[13]  On February 9, 2018, the Louisiana Supreme Court denied Washington's related writ application. The Court found that he failed to identify an illegal sentence term, and his application for post-conviction relief through the motions was untimely under La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995) and a sentencing challenge inappropriate for post-conviction review under La. Code Crim. P. art. 930.3, *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996), and *State v. Cotton*, 45 So.3d 1030 (La. 2010).[14]  The Court did not consider Washington's request for reconsideration.[15]

## II.  Federal Petition

On June 15, 2018, after correction of certain deficiencies, the clerk of this Court filed Washington's federal petition for habeas corpus relief in which he asserted that the state trial court

---

[11]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0586, 6/17/16; 4th Cir. Writ Application, 2016-K-0586, 6/10/16 (dated 6/1/16).

[12]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0808, 8/22/16; 4th Cir. Writ Application, 2016-K-0808, 8/11/16.

[13]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0960, 10/3/16; 4th Cir. Writ Application, 2016-K-0960, dated 9/1/16.

[14]*State ex rel. Washington v. State*, 235 So.3d 1102 (La. 2018); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2016-KH-2068, 2/9/18; La. S. Ct. Writ Application, 16-KH-2068, 11/28/16 (dated 11/2/16).

[15]*State ex rel. Washington v. State*, 242 So.3d 1228 (La. 2018); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2016-KH-2068, 5/18/18; Request for Reconsideration, 16-KH-2068, 4/11/18 (dated 4/5/18).

illegally used his prior conviction for felon in possession of a firearm to enhance his sentence under the multiple bill.[16]

The State filed a response in opposition to Washington's petition asserting that it was not filed timely, and the claim is otherwise in procedural default.[17]  Washington replied to the State's opposition response asserting that he did not know about the legal deadlines for seeking federal habeas relief, and his untimeliness excused because of his pro se status.[18]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[19] applies to this petition, which is deemed filed in this Court no later than April 27, 2018.[20]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

---

[16]Rec. Doc. No. 3.

[17]Rec. Doc. No. 11.

[18]Rec. Doc. Nos. 12, 13.

[19]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court received Washington's deficient petition on June 8, 2018, and filed the petition on June 15, 2018, when the filing fee was paid. Washington dated his signature on the original pleading on June 5, 2018.  This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that the petition was not timely filed under the AEDPA and that the sole claim asserted is in procedural default. While the record supports both defenses, for the following reasons, the Court finds that Washington's federal habeas petition was not timely filed and must be dismissed for that reason.

## IV.    <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[21] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As stated above, Washington's conviction was final under federal law on November 26, 2012, when he did not appeal. Pursuant to § 2244, Washington had one year from that date, or until November 26, 2013, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Washington's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

---

[21]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

A.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir.

6

2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Washington's case, the AEDPA filing period began to run on November 27, 2012, the day after his conviction and sentence were final under federal law.  The one-year AEDPA filing period continued to run uninterrupted from that date for one (1) year, until November 26, 2013, when it expired.  Washington had no properly filed state post-conviction or other collateral review pending in any court at that time.

Washington's efforts to obtain copies of certain record documents did not toll or otherwise extend the AEDPA one-year filing period.  Requests for documents and transcript copies like those filed by Washington are not "other collateral review" for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).  Furthermore, Washington indicated in his request for copies filed in the state trial court on January 3, 2013, "that he is not challenging his conviction nor his

7

sentence; there is a need for these transcripts in order to clarify Movant's sentence computation with the Louisiana Department of Public Safety and Corrections."[22]  Thus, contrary to his suggestions in the reply to the State's limitations defense, he did not seek out copies and transcripts at that time in an effort to challenge his conviction or sentence nor did he express a desire to pursue state court post-conviction relief until his application filed in 2016.

For these reasons, Washington's federal petition deemed filed on June 5, 2018, was filed more than four years and six months after the AEDPA filing period expired on November 26, 2013.  Washington's federal petition was not timely filed and should be dismissed with prejudice for that reason.

### B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy

---

[22]St. Rec. Vol. 1 of 2, Motion for Copies, p. 1 ¶2, 1/8/13 (dated 1/3/13).

professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Washington has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. Washington's claim that he has been proceeding *pro se* and was unaware of the AEDPA filing period does not warrant equitable tolling or excuse his untimeliness. The United States Fifth Circuit has made it clear that a lack of knowledge of the law including the AEDPA filing period, however understandable it may be, does not justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) (citing

*Fisher*, 174 F.3d at 714 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.")); see also *Felder v. Johnson*, 204 F.3d 168, 172 (2000). The record here supports no basis for equitable tolling. Moreover, a prisoner's *pro se* status also does not constitute rare and exceptional circumstances warranting equitable tolling. See, *e.g.*, *Felder*, 204 F.3d at 171-72; accord *Gonzales v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir. 2008) (the fact that petitioner did not have assistance of counsel for his post-conviction briefing does not warrant equitable tolling).

Washington's federal petition deemed filed on June 5, 2018, was not timely filed within the AEDPA statute of limitations. The petition should be dismissed with prejudice as time-barred.[23]

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Malcolm Washington's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

---

[23]Should it later be asserted, the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013), do not provide a basis for review of Washington's untimely filed federal petition or his ineffective assistance of trial counsel claims. In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1914 (quoting *Martinez*, 566 U.S. at 17) (emphasis added). First, Washington has not asserted or properly exhausted a claim of ineffective assistance of counsel. Second, the bar to review at issue here arises from Washington's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* provide Washington relief from the untimeliness of his federal petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this  29  day of November, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[24]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.